**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JORGE BECERRO,<br><br>    Plaintiff,<br> v.<br><br>EL VATO WINE CORP.<br> d/b/a BAZAR TAPAS BAR,<br>and LADISLAV KULISEK,<br><br>    Defendants. | **COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff JORGE BECERRO, by and through his undersigned attorneys, hereby files this Complaint against Defendants, EL VATO WINE CORP., d/b/a BAZAR TAPAS BAR ("Corporate Defendant"), and LADISLAV KULISEK ("Individual Defendant," and collectively with the Corporate Defendant, "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving; (2) liquidated damages; and (3) attorneys' fees and costs.

2. Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he is entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving; (2) statutory penalties; (3) liquidated damages; and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff BECERRO is a resident of Queens County, New York.

6. Corporate Defendant EL VATO WINE CORP. d/b/a BAZAR TAPAS BAR is a domestic business corporation organized under the laws of the State of New York with a principal place of business located at 30-76 45th Street – Apt 2 RR, Astoria, NY 11103, and an address for service of process located at 31 W 26th Street, New York, NY 10010.

7. Individual Defendant LADISLAV KULISEK is the owner and principal of the Corporate Defendant. Individual Defendant LADISLAV KULISEK exercises operational control as it relates to all employees including Plaintiff. Individual Defendant LADISLAV KULISEK frequently visited the Restaurant. Individual Defendant LADISLAV KULISEK exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff. At all times, employees could complain to Individual Defendant LADISLAV KULISEK directly regarding any of the terms of their employment, and Individual Defendant LADISLAV KULISEK had the

authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

8. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL and regulations thereunder.

9. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## STATEMENT OF FACTS

10. In or around December 2021, Plaintiff BECERRO was hired by Defendants to work as an assistant general manager at Defendants' Bazar Tapas Restaurant located at 31 W 26th Street, New York, NY 1001. Plaintiff's employment ended in or around March 2022.

11. From the start of his employment until in or around January 2022, Plaintiff was compensated at a rate of twenty dollars ($20.00) per hour. From January 2022 until the end of his employment, Plaintiff was compensated at a rate of twenty-five dollars ($25.00) per hour.

12. Throughout his employment, Plaintiff was scheduled to work five (5) days per week for eight (8) a day, for a total of forty (40) hours each week.

13. Plaintiff BECERRO was not compensated for all his hours worked, including overtime, due to Defendants' time shaving policy. Defendants required Plaintiff to work even when he was not scheduled to work. Defendants required Plaintiff to work even when he was not in the restaurant. On his days off, Plaintiff was responding to work emails, ordering liquor for the Restaurant, and getting constant calls from staff members about their scheduling issue and work

issues. This resulted in around five (5) to six (6) hours per week of unpaid compensation. These additional hours were overtime hours as Plaintiff was working forty (40) hours per week.

14. At no time during the relevant periods did Defendants provide Plaintiff with wages notices, at the beginning of employment and annually thereafter, as required by the NYLL.

15. At no time during the relevant periods did Defendants provide Plaintiff with wage statements as required by the NYLL.

16. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff his proper wages, including overtime, due to time shaving.

17. Defendants knowingly and willfully operated their business with a policy of not providing wage notices, at the beginning of employment and annually thereafter, pursuant to the requirements of the NYLL.

18. Defendants knowingly and willfully operated their business with a policy of not providing wage statements as required by the NYLL.

19. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

### ON BEHALF OF PLAINTIFF

20. Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

21. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the

4

FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

22. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

23. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.00.

24. At all relevant times, Defendants had a policy and practice of failing to pay wages for all hours worked, including overtime, due to time shaving.

25. Records, if any exist, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiff will then seek leave of Court to amend this Complaint to set forth the precise amount due.

26. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

27. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated (*i.e.*, double) damages pursuant to the FLSA.

28. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to time shaving, and an equal amount as liquidated damages.

29. Plaintiff is entitled to an award of their reasonable attorneys' fees and costs pursuant to the FLSA.

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

## ON BEHALF OF PLAINTIFF

30. Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

31. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the NYLL §§ 2 and 651.

32. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff for all hours worked, including at the statutory rate of time and one-half the regular rate for overtime hours worked, due to Defendants' policy of time shaving.

33. Defendants knowingly and willfully failed to provide Plaintiff with wage and hour notices as required under the NYLL.

34. Defendants knowingly and willfully failed to provide Plaintiff with wage statements as required under the NYLL.

35. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants their unpaid wages, including overtime, due to time shaving; reasonable attorneys' fees; liquidated damages; statutory penalties; and costs and disbursements of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BECERRO, respectfully requests that this Court grant the following relief:

   a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. An award of liquidated damages as a result of Defendants' willful failure to pay wages, including overtime, due to a policy of time shaving, pursuant to the FLSA or NYLL;

d. An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements under the NYLL;

e. An award of pre-judgment and post-judgment interest, costs, and expenses of this action, together with reasonable attorneys' and expert fees; and

f. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: November 11, 2022            Respectfully submitted,

**LEE LITIGATION GROUP, PLLC**

By:    */s/ C.K. Lee*

C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff*